J-S39021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVON RAGIN | : | |
| | : | |
| Appellant | : | No. 2394 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002710-2023

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 12, 2026**

Appellant Devon Ragin appeals from the judgment of sentence imposed following his convictions for possession of firearm prohibited, firearms not to be carried without a license, and carrying firearms in public in Philadelphia.[1] On appeal, Appellant challenges the weight of the evidence. We affirm.

The trial court summarized the underlying facts of this matter as follows:

On February 21, 2023 around 5:00 in the evening, Philadelphia Police Officer Camilo Molina was on bicycle [patrol] in the area of 1800 East Clementine Street in Philadelphia, Pennsylvania. N.T. 5/22/24 at 9. Officer Molina was on patrol with Officers Lynch, Gaydosh, and Franchetti. *Id.* at 10. Officer Molina observed [Appellant] walking eastbound on the sidewalk. *Id.* at 11. [Appellant] was wearing a black ski mask and a light wash denim jacket and pants. *Id.* at 12. [Appellant] looked over his shoulder at the officers and reached into his jacket and pulled out a firearm and threw it into a trash can. *Id.* at 13. Officer Molina observed the black handle of the firearm. *Id.*

_____

[1] 18 Pa.C.S. § 6105(a), 6106(a), and 6108, respectively.

After disposing of the firearm, [Appellant] continued walking eastbound and Officer Molina stopped him and handcuffed him. *Id.* Officer Molina asked [Appellant] if he had a permit to carry. [Appellant] responded that he did not. *Id.* Officer Molina confirmed that Officers Franchetti and Gaydosh secured the firearm from the trash can. *Id.* at 14.

Officers Molina and Franchetti placed the firearm on a property receipt. The firearm was a black and silver Roebuck quad lock, nine-millimeter handgun. *Id.* at 16. There was one live round [in] the chamber and nine in the magazine. *Id.* The gun was test fired and found to be operable. *Id.* [Appellant] was not licensed to carry a firearm and he was ineligible to possess a firearm because of a prior disqualifying conviction. *Id.* at 33.

Trial Ct. Op., 12/16/24, at 1-3.

Following a bench trial on May 22, 2024, the trial court found Appellant guilty of the above stated charges. Appellant filed a post-verdict motion for reconsideration challenging the weight of the evidence, which the trial court denied. On August 1, 2024, the trial court sentenced Appellant to a term of three to six years' incarceration for possession of a firearm prohibited and a concurrent term of five years' probation.[2] The trial court imposed no further penalty for Appellant's remaining conviction.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.

---

[2] We note that this Court recently issued an *en banc* opinion concluding that that "the language of 42 Pa.C.S. § 9721(a) (sentencing generally) clearly and unambiguously permits trial courts to impose concurrent terms of probation and total confinement." *See* **Commonwealth v. Jennings**, --- A.3d ---, 2026 WL 194389, at *1 (Pa. Super. filed Jan. 14, 2026).

On appeal, Appellant raises the following issue for review: "Did the trial court err when it denied [Appellant's] request for a new trial as the weight of the evidence should have resulted in an acquittal of all charges?" Appellant's Brief at 4. Specifically, Appellant argues that Officer Molina's testimony was not credible, as there was no evidence to corroborate his account that he saw Appellant remove a firearm from his waistband and discard it in a trash can. *Id.* at 8-9. In support, Appellant notes that Officer Molina conceded that his body-worn camera "did not capture the firearm or the act of discarding it" and claims that the "absence of video confirmation in such conditions casts serious doubt on the officer's version of events." *Id.* at 9. Further, Appellant contends that "the firearm recovered was never linked to [Appellant] through any forensic evidence" or testimony from other officers who were present at the scene. *Id.* at 9. Therefore, Appellant concludes that the trial court abused its discretion in denying relief on Appellant's weight claim. *Id.*

In reviewing a challenge to the weight of the evidence, we are governed by the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a

review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017)

(citations omitted).

> As this Court has repeatedly stated,
>
> [t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.
>
> *     *     *
>
> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Spence***, 290 A.3d 301, 311 (Pa. Super. 2023) (citations

omitted and formatting altered).

> Here, the trial court addressed Appellant's weight claim as follows:
>
> In this case, it was the trial court's role as the fact-finder, to assess the police officer's credibility and to determine the weight to be given to his testimony and resolve any conflicts in his testimony.
>
> The trial court found Officer Molina's testimony to be credible. There were no conflicts in his testimony that were left unresolved.

Officer Molina observed [Appellant] take a firearm out of his jacket and place it in a blue waste bin. Immediately after, officers checked the bin, and inside there indeed was a firearm.

[Appellant's] main issue with Officer Molina's testimony was that the body worn camera footage did not show exactly what Officer Molina described. The trial court was satisfied with the explanation that the camera is worn on his chest and therefore has a lower viewpoint than his eyes.

The trial court's credibility determinations based on the evidence presented and the demeanor of Officer Molina should stand. In light of the evidence discussed above, the verdict is not so contrary to the evidence as to shock the conscience and the verdict should be affirmed.

Trial Ct. Op. at 4-5.

Following our review of the record, we discern no abuse of discretion by the trial court in rejecting Appellant's weight claim. *See Windslowe*, 158 A.3d at 712. Although Appellant claims that Officer Molina's testimony was not credible, the trial court was permitted to consider the evidence and resolve any alleged inconsistencies in the Commonwealth's favor. *See Spence*, 290 A.3d at 311. Therefore, Appellant is not entitled to relief on this issue. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/12/2026

- 5 -